914 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph Wayne HICKS, Plaintiff-Appellant,
v.
Gary JOHNS, Knoxville Police Officer, Defendant-Appellee.
 No. 90-5134.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Joseph Wayne Hicks moves for a transcript at government expense on appeal from the verdict for defendant in this civil rights action filed under 42 U.S.C. Sec. 1983. Hicks alleged that his jaw was reinjured immediately following his arrest by Knoxville police one day after surgery had been performed on the jaw. Hicks alleged that his jaw was reinjured in the defendant police officer's presence during questioning by other Knoxville police, that defendant refused him medical treatment, and that defendant instead transported Hicks directly to jail. The district court conducted a bench trial, entered findings of fact and conclusions of law, and granted judgment for defendant. Upon consideration, we conclude that judgment for defendant was proper.
 
 
 3
 First, plaintiff has not pointed out any arguable claim of error which would be revealed by a transcript of the trial. See 28 U.S.C. Sec. 753(f). Also, plaintiff does not specify any relevant evidence which would have been provided by the doctor he sought to subpoena to testify at trial. See Fed.R.Civ.P. 45(e). Significantly, the district court provided that the parties could submit the doctor's deposition after trial if necessary, but the record reflects no effort to do so by either party. Finally, the record reflects that the district court was within its discretion in refusing to appoint counsel to represent plaintiff in this matter. See Childs v. Pellegrin, 822 F.2d 1382, 1384-85 (6th Cir.1987).
 
 
 4
 Accordingly, plaintiff's motion for a transcript is denied, and the judgment of the district court is affirmed for the reasons stated in its memorandum opinion filed December 14, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.